IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

VIRGINIA J. COLLINS PLAINTIFF

vs. Civil No. 3:20-cv-03026

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION DEFENDANT

**MEMORANDUM OPINION**

Virginia J. Collins ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her disability application on February 28, 2017. (Tr. 11). In this application, Plaintiff alleges being disabled due to loss of a pinkie finger, fibromyalgia, "can't use hands way use to," back and shoulder pain, neck pain, eczema and psoriasis, stress, and "grinding

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

knee caps." (Tr. 222). Plaintiff alleges an onset date of July 15, 2013. (Tr. 11). This application was denied initially and again upon reconsideration. (Tr. 97-140). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 78-96).

On March 13, 2019, the ALJ held an administrative hearing. (Tr. 8-29). At this hearing, Plaintiff was present and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Springs[2] testified at this administrative hearing in this matter. *Id.* On March 18, 2019, after this hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 11-23). The ALJ determined Plaintiff last met the insured status requirements of the Act on March 31, 2017. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from her alleged onset date through her date last insured of March 31, 2017. (Tr. 13, Finding 2).

Through her date last insured, the ALJ determined Plaintiff had the following severe impairments: crushing fractures to the bilateral hands status post-surgery; status post partial amputation of the left small finger; asthma; complex regional pain syndrome; and anxiety. (Tr. 13, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14-15, Finding 4).

In her decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-21, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform

[2] The first name of "Mr. Springs" was not included in the transcript in this matter. (Tr. 79).

> light work as defined in 20 CFR 404.1567(b) except that she must work in a controlled environment with no dust, fumes or temperature extremes. She cannot engage in repetitive grasping and fingering and cannot perform fine manipulations. In addition, the claimant can only perform jobs with simple instructions, simple tasks and incidental contact with the public.

*Id.*

The ALJ determined Plaintiff was fifty-one (51) years old, which is defined as an individual closely approaching advanced age under 20 C.F.R. § 404.1563(d) (2008), on her date last insured. (Tr. 22, Finding 7). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 22, Finding 8).

The ALJ determined Plaintiff was unable to perform any of her Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ then considered whether Plaintiff had the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 10). The VE testified at an administrative hearing regarding her ability to perform other occupations. *Id.* Specifically, the VE testified Plaintiff retained the capacity to perform the following occupations: merchandise marker (light, unskilled) with 545,000 such jobs in the national economy and 3,100 such jobs in Arkansas; and mailroom clerk (light, unskilled) with 37,000 such jobs in the national economy and 160 such jobs in Arkansas. *Id.*

Because Plaintiff retained the capacity to perform other work, the ALJ determined Plaintiff was not under a disability, as defined by the Act, at any time from July 15, 2013 (alleged onset date) through March 31, 2017 (date last insured). (Tr. 23, Finding 11).

Plaintiff requested the Appeal's Council's review of this unfavorable decision. (Tr. 1-7). The Appeals Council denied this request on January 22, 2020. *Id.* Thereafter, on March 19, 2020, Plaintiff appealed her administrative case to this Court. ECF No. 1. The Parties consented to the

jurisdiction of this Court on March 24, 2020. ECF No. 6. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 15-16.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 15. Specifically, Plaintiff claims the ALJ erred in finding her fibromyalgia was non-severe. *Id.* Because the Court agrees with Plaintiff and finds the ALJ erred by finding her fibromyalgia was non-severe, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See*

*Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to pain from her fibromyalgia. (Tr. 222). According to her medical records, Plaintiff was diagnosed with fibromyalgia. (Tr. 488-492, 462-466, 453-457). In her treatment records on October 31, 2016, she was found to have an "[i]ncomplete response to treatment" as a result of her fibromyalgia, and she was prescribed tramadol for her "severe pain." (Tr. 473-474). In her treatment records on January 30, 2017, she was found to suffer from "[w]idespread pain for a duration of > 3 months" with the "[a]ssociated illness [of] chronic fatigue" due to the fibromyalgia. (Tr. 462).

As recognized above, the standard for determining whether an impairment is severe is a low standard. Based upon this report, Plaintiff has presented sufficient evidence demonstrating her fibromyalgia meets that standard. Thus, this case must be reversed and remanded for further

consideration of this issue and a determination as to whether any of Plaintiff's other impairments meet this low standard.

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds the ALJ's disability determination is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of December 2020.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE